O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CARLOS E. LOPEZ, | ) | Case No. CV 11-3294-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Carlos E. Lopez ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

I.   **Factual and Procedural Background**

Plaintiff was born on January 20, 1958. (Administrative Record ("AR") at 90, 97). He completed eleven years of school and has relevant work experience as a photocopy machine operator. (AR at 19, 27).

In April 2008, Plaintiff filed applications for DIB and SSI, alleging that he has been disabled since November 1, 2007, due to fibromyalgia, fatigue and pain. (AR at 90-98, 108). The Social Security Administration denied Plaintiff's applications. (AR at 53-57).

An administrative hearing was held before Administrative Law Judge Joel B. Martinez ("the ALJ") on November 24, 2009. (AR at 24-50). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 26-46). A vocational expert also testified at the hearing. (AR at 46-49). On January 27, 2010, the ALJ issued a decision finding that Plaintiff was able to perform his past relevant work and, therefore, was not disabled. (AR at 19, 43-55). On February 16, 2011, the Appeals Council denied review. (AR at 1-3).

Plaintiff commenced this action for judicial review on April 27, 2011. The parties filed a Joint Stipulation of disputed issues on December 1, 2011. Plaintiff contends that the ALJ provided insufficient reasons for rejecting Plaintiff's credibility. (Joint Stipulation at 3). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further proceedings. (Joint Stipulation at 19). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 19).

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial

evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. DISCUSSION**

Plaintiff claims that he suffers from migraine headaches, fatigue, insomnia, anxiety, depression, and pain in his neck, shoulders, back, and hips. (AR at 41-46). He contends that the ALJ failed to properly evaluate his subjective complaints and credibility. (Joint Stipulation at 5-16, 19). The Court agrees.

In general, an ALJ's assessment of credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). Questions of credibility and resolutions of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001).

The ALJ may employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness. *Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989). Once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence. *Lingenfelter*, 504 F.3d at 1035-36; *Reddick*, 157 F.3d at 722; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Absent evidence showing that a claimant is malingering, the ALJ may reject a claimant's testimony about the severity of his symptoms only by offering "'specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "It is not sufficient for the ALJ to make only general findings." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (citations and quotations omitted).

Here, the ALJ discounted Plaintiff's credibility because Plaintiff failed to seek proper medical treatment. (AR at 18). As the ALJ noted, Plaintiff's treating physician recommended that Plaintiff obtain treatment from a specialist (rheumatologist) for his fibromyalgia, and treatment at La Puente Mental Health for his complaints of anxiety and depression. (AR at 18-19, 37-38, 161, 191-93). Plaintiff, however, did not follow up with such recommendations. (AR at 18-19, 37-38).

Generally, a claimant's failure to "seek treatment or to follow a prescribed course of treatment" is a relevant factor in assessing

credibility. *See Smolen*, 80 F.3d at 1284. However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." Social Security Ruling ("SSR") 96-7p.

At the hearing, Plaintiff explained that he did not seek treatment from a rheumatologist, as he could not afford to pay for such services. (AR at 37-38). Plaintiff correctly notes that the denial of disability benefits cannot be based on a claimant's failure to obtain treatment where the claimant cannot afford treatment. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Smolen*, 80 F.3d at 1284.

Plaintiff's failure to obtain psychiatric treatment was also not a clear and convincing reason for rejecting Plaintiff's credibility. Plaintiff testified that he understood that services were available at La Puente Mental Health at no charge. (AR at 38). He also claimed that he called about psychiatric treatment. (AR at 38). Just as Plaintiff was describing his conversation with La Puente Mental Health, the ALJ interrupted Plaintiff's testimony with another question. (AR at 38). Plaintiff was never given the opportunity to explain why he had not pursued psychiatric treatment. (AR at 38). By cutting Plaintiff's testimony short, the ALJ failed to develop the record and improperly drew a negative inference from Plaintiff's lack of psychiatric treatment. *See* SSR 96-7p.

The ALJ also discredited Plaintiff's subjective symptom testimony as unsupported by the objective medical evidence. (AR at 18-19). Although objective medical evidence is generally considered a relevant factor in determining the severity of a claimant's pain and its disabling effects, fibromyalgia "eludes such measurement." *See Benecke*

*v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (citation omitted). Fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Id.* at 590. In such cases, the absence of abnormal test results or other discernible symptoms does not undermine claims of fibromyalgia. *See Benecke*, 379 F.3d at 590 (providing that "to date there are no laboratory tests to confirm [fibromyalgia]"); *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Consequently, the lack of objective medical findings cannot serve as a basis for discounting Plaintiff's subjective symptom testimony.

## IV. Conclusion

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See *INS v. Ventura*, 537 U.S. 12, 16 (2002) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation" (citations and quotations omitted)); *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this case, the ALJ not only failed to state adequate reasons for rejecting Plaintiff's subjective claims, but he also failed to appropriately develop the record regarding Plaintiff's failure to seek psychiatric treatment. As additional issues remain to be addressed, remand is appropriate. Accordingly, it is ordered that this matter be remanded for further proceedings consistent with this Memorandum Opinion.

DATED: December 16, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge